McFarland, J.,
delivered the opinion of the Court.
The bill and amended bill in substance allege that on the 27th of December, 1860, one S. H. Jones executed his note, payable to John Frierson, for $3,617, due on the 1st of January, 1862, and upon this note the complainant, and N. W. Jones and Thomas G. Greenfield became the sureties of said S. H. Jones.
*634 That this note recited upon its face that it was given in consideration of borrowed money, and stipulated for the payment of 10 per cent, interest. That suit was brought upon said note by said Frierson in ihe Circuit Court of Maury county, and at the August Term, 1867, judgment -was rendered in his favor against the parties for $5,860 and costs, upon which execution has been issued, and levied upon complainant’s real estate. Relief against this judgment is sought upon two grounds:
1. That the note was in reality void, under the express provisions of the act of 1860, allowing a conventional rate of interest, — it not having been given for borrowed money, as the note falsely recites upon its face: that the complainant was only surety upon the note, and did not learn this fact until since the judgment was obtained.
And, 2. That there was usury in the note. That he was informed of this fact pending the trial at law, by his co-security N. W. Jones, and filed a plea making this defense, but had no competent proof of the usury, as no one was cognizant of the fact but the parties to the suit. That since then, however, N. W. Jones has become a competent witness by reason of his having obtained a discharge in bankruptcy, and, that S. H. Jones is now also competent, as the judgment has been rendered against him.
A motion was made to dismiss these bills upon the ground that there is no equity upon their face. This motion was sustained, and the bills dismissed, and the complainant has appealed.
*635 Under the act of 1844, courts of equity were given jurisdiction in usury cases wholly .different from the rules applicable in other cases; that is to say, relief could be had in equity against usury notwithstanding there had been a trial and judgment at law, when the party had’ failed to plead the usury, or having pleaded it failed to sustain his plea for want of proof. This act was, however, not carried into the Code, and the law now stands as it did prior to the passage of the act of 1844. Lindsley v. James, 3 Col., 482.
The act of 1835 was carried into the Code, with the further provision that “ courts of chancery have concurrent jurisdiction with courts of law, for the abatement and recovery of usury.” Code, 4300. So it results, that the courts having concurrent jurisdiction, the court first obtaining jurisdiction must be allowed to proceed to judgment, and this judgment will have the same force and effect as in other cases of concurrent jurisdiction.
The complainant’s right to relief, then, either upon the ground of usury, or upon the other grounds stated, must rest upon the principles applicable to the granting of new trials, or giving relief in equity after final judgment at law.
This jurisdiction exists, but it is exercised with great caution. The relief will not be granted when the defense might have been made at law, unless the party has been prevented from making the defense by accident, mistake, or fraud, or the act of the adverse party, unmixed with negligence upon his part. Levan v. Patton, 2 Heis., 108.
*636 As to the usury, it is admitted that the complainant had knowledge- of the fact, and filed his plea accordingly. As to the defense that the note was not for borrowed money and was therefore void, the bid charges that this fact was not known to him before the judgment was obtained. But the bill does not show that a proper degree of diligence was exercised by the complainant to discover these defenses and make them effectual upon the trial.
It is not sufficient for a party to charge that he has used due diligence. He must state the facts and circumstances, from which the Court can see whether or not the failure to make the defense is chargeable to his own negligence. Levan v. Patton, 2 Heis., 108.
The amended bill charges, that since the filing of the original bill complainant has learned that the notes, receipts and memoranda for which, and upon which, said note was given, have been found. That their existence will remove all objections as to the competency of the evidence, and demonstrate that the note upon which the said judgment was taken was given in violation and evasion of the act of the General Assembly, etc. This bill farther states, that complainant has faithfully endeavored to get all the facts connected with this case, and has repeatedly called on said S. H. Jones, whose security complainant was, for information, who has not given him any satisfaction until, within the last week, he communicated to him that since the filing of the original bill in. this case he had upon examination found these papers, which he supposed were lost.
*637 This does not show when it was he endeavored to get the facts, or when he called upon said S. H. Jones, whether before or since the judgment at law was rendered; nor does it show what sort of information he sought from said Jones. Did he apply to him by direct and pointed questions to know what the consideration of this note was, and whether it contained usury or not? And did said Jones withhold this information from him? It can hardly be probable that with the exercise of due and proper diligence upon the part of the complainant he could not have discovered what the consideration of the note was. There was no reason why the two Joneses should have concealed these facts from him. And the complainant should have shown clearly and distinctly that he sought the information earnestly and in good faith from all the sources where it was likely to be obtained. And that he sought this information before the judgment at law, and failed to obtain it.
We know of no principle upon which a court of equity would have the power to grant a new trial, or relief, upon the ground that a witness who was incompetent at the trial has since become competent. If so, our comparatively recent statute making all parties competent witnesses would open a wide field of litigation. In our opinion, complainant has not stated facts sufficient to show that his failure to make his defenses at law was not the result of a want of that degree of diligence required by law in such cases. The decree of the Chancellor must be affirmed.